IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICKY BAKER (AIS# 166076) | * | |
| Plaintiff, | * | |
| V. | * | 2:05-CV-761 |
| PRISON HEALTH SERVICES, INC., et al. | * | |
| Defendants. | * | |

## SPECIAL REPORT OF MEDICAL DEFENDANTS

COME NOW Defendants Prison Health Services, Inc. (incorrectly named in Plaintiff's Complaint as "Prison Health Services") (hereinafter "PHS"), Michael E. Robbins, M.D., and Linda Lawrence, R.N., H.S.A., (hereinafter jointly referred to as "the Medical Defendants") in response to this Honorable Court's Order of August 22, 2005 and present the following Special Report with regard to this matter:

## I. INTRODUCTION

The Plaintiff, Ricky Baker (AIS #116076), is an inmate who has been confined at Montgomery Community Work Center located in Mt. Meigs, Alabama at all times pertinent to this lawsuit. The Medical Defendants Michael L. Robbins, M.D. and Linda Lawrence, R.N., H.S.A. are the Medical Director at Kilby Correctional Facility and the Health Services Administrator respectfully. (See Exhibit "B") During the time period made the basis of Baker's complaint, PHS has contracted with the Alabama Department of Corrections to provide medical care to inmates at the Montgomery County Work Center and other prisons. On August 10, 2005, Baker filed a Complaint alleging that PHS, Dr. Robbins and Nurse Lawrence acted with deliberate indifference to his serious

medical needs, in violation of his constitutional rights. (See Complaint). Specifically, Baker claims that the Medical Defendants failed to provide him with adequate post-operative care following hernia surgery. (Id.)

As directed, the Medical Defendants have undertaken a review of plaintiff Baker's claims to determine the facts and circumstances relevant thereto. At this time, the Medical Defendants are submitting this Special Report, which is supported by certified copies of plaintiff Baker's medical records (attached hereto as Exhibit "A") and the Affidavit of Michael E. Robbins, M.D. (attached hereto as Exhibit "B"). These evidentiary materials demonstrate that inmate Baker has been provided appropriate medical treatment at all times, and that the allegations in his Complaint are false and without merit.

## II. NARRATIVE SUMMARY OF FACTS

Ricky Baker (AIS# 116076) is an inmate who has been incarcerated at the Montgomery Community Work Center at all times pertinent to this lawsuit. (See Exhibits "A" & "B")[1] Mr. Baker has a history that is significant for a right inguinal hernia. (Id.) Mr. Baker tolerated the uncomplicated hernia for approximately for 7 or 8 years. (See Exhibit "B"). On June 17, 2005, Mr. Baker presented to the infirmary with complaints of pain associated with coughing. (Id.) Subsequent evaluation determined that Mr. Baker's hernia had become incarcerated though nonstrangulated. (Id.) Once it was determined that Mr. Baker's hernia had become incarcerated Dr. Robbins ordered multiple profiles on his behalf including a "No Work Profile," "No Lifiting Profile," "No Straining

---

[1] The Montgomery Community Work Center does not have an infirmary. All of Montgomery Community Work Center's inmates, including Mr. Baker, are treated at neighboring Kilby Correctional Facility.

Profile," and a "Bottom Bunk Profile." Moreover, Dr. Robbins ordered an athletic support for Mr. Baker's use and prescribed Motrin for pain. (Id.)

On July 14, 2005 Mr. Baker was referred to surgeon Brian Whyte, M.D. at Baptist Medical Center East for surgical repair of his hernia. (Id.) Mr. Baker tolerated the outpatient surgery successfully and he was returned to Kilby later that same day. (Id.) Subsequent to Mr. Baker returning to Kilby, I ordered that he be housed in the infirmary for a two day evaluation period. (Id.) Mr. Baker experienced an uncomplicated post-operative course and did not develop infection. (Id.) On or about July 22, 2005 Mr. Baker was returned to the Montgomery Community Work Center, his place of confinement. (Id.) His staples were removed on July 29, 2005 and he was afforded a follow-up visit with Dr. Whyte on August 16, 2005. (Id.) Dr. Whyte concluded that the surgery was successful, and that Mr. Baker has healed well. (Id.)

The evidence now before the Court establishes that Baker's medical conditions have been evaluated and treated in a timely and appropriate fashion by the Medical Defendants and all other health care providers at Kilby. (See Exhibits "A" & "B"). Baker has been seen and evaluated by the medical or nursing staff, and has been referred to an appropriate care provider and given appropriate care, any time he registered any health care complaints at Kilby. (Id.)  At all times, all PHS employees have exercised the same degree of care, skill, and diligence as other similarly situated health care providers would have exercised under the same or similar circumstances.  (Id.) In other words, the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate. (Id.)  At no time has any PHS employee ever denied Baker any needed medical treatment, nor have they ever acted with deliberate

indifference to any serious medical need of Baker. (Id.) At all times, Baker's medical complaints and conditions have been addressed as promptly as possible under the circumstances. (Id.)

### III. DEFENSES

The Medical Defendants assert the following defenses to the plaintiff's claims:

1.     The Medical Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2.     The Medical Defendants plead not guilty to the charges in the Plaintiff's Complaint.

3.     The Plaintiff's Complaint fails to state a claim against the Medical Defendants for which relief can be granted.

4.     The Medical Defendants affirmatively deny any and all alleged claims by the Plaintiff.

5.     The Plaintiff is not entitled to any relief requested in the Complaint.

6.     The Medical Defendants plead the defense of qualified immunity and aver that the actions taken by them were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7.     The Medical Defendants are entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Medical Defendants have violated any clearly established constitutional right.

8.     The Medical Defendants cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

9.     The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10.    The allegations contained in the Plaintiff's Complaint against the Medical Defendants, sued in their individual capacities, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989)

11.    The Medical Defendants plead all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12.    The Medical Defendants aver that they were at all times acting under color of state law and, therefore, are entitled to substantive immunity under the law of the State of Alabama.

13.    The Medical Defendants plead the general issue.

14.    This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against the Medical Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986)

15.    The Plaintiff's claims against the Medical Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

16.    Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17.    The Medical Defendants plead the defense that at all times in treating Plaintiff they exercised the same degree of care, skill, and diligence as other health care

providers would have exercised under similar circumstances, and that at no time did they act towards the Plaintiff with deliberate indifference to any serious medical need.

18.     The Medical Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19.     The Medical Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

20.     The Medical Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21.     The Medical Defendants plead the affirmative defense that they are not responsible for the policies and procedures of the Alabama Department of Corrections.

22.     The Medical Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23.     The Medical Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against them and that any such award would violate the United States Constitution.

24.     The Medical Defendants adopts and asserts all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25.     The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning defendants' deliberate indifference

6

to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26      The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of the Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Medical Defendants who are entitled to immunity.

27.      The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28.      The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court.

29.      Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Medical Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30.      The Medical Defendants assert that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to 42 U.S.C. § 1988 to award the Medical Defendants reasonable attorney's fees and costs incurred in the defense of this case.

## IV. ARGUMENT

In an effort to defeat baseless claims at the earliest possible opportunity, our Circuit requires that a Plaintiff in a civil rights action allege with necessary specificity facts which demonstrate a claim. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998). This requirement is in place so that a Defendant can file an appropriate responsive pleading. Anderson v. District Bd. of Trustees of Cent. Florida Community College, 777 F.3d 364, 366 (11th Cir. 1996). Baker does not meet this heightened pleading responsibility, and for that reason his Complaint is subject to dismissal.

In order to state a cognizable claim under the Eighth Amendment, Baker must allege acts or omissions sufficiently harmful to evidence deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 49 L. Ed. 2d 859 (1976); McElligott v. Foley, 182 F. 3d 1248, 1254 (11th Cir. 1999); Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176 (11th Cir. 1994); Palermo v. Correctional Medical Services, 133 F. Supp. 2d 1348 (S.D. Fla. 2001). In order to prevail, Baker must allege and prove that he suffered from a serious medical need, that the Medical Defendants were deliberately indifferent to his needs, and that he suffered harm due to deliberate indifference. See Marsh v. Butler County, Alabama, 225 F. 3d 1243, 1255 (11th Cir. 2000) and Palermo, supra.

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical conditions does not rise to the level of a constitutional violation. Further, neither an alleged inadvertent failure to provide adequate medical care nor a physician's

alleged negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is in prison. See Estelle, supra, McElligott, supra, Hill, supra and Palermo, supra. Further, a mere difference of opinion between an inmate and a health care provider as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. Estelle, supra, 429 U.S. at 106-108. The Medical Defendants may only be liable if they had knowledge of Baker's medical condition and acted intentionally or recklessly to deny or delay access to his care, or to interfere with treatment once prescribed. Estelle, supra, 429 U.S. at 104-105 and Hill, supra, 40 F. 3d at 1191.

Obviously, Plaintiff Baker cannot carry his burden. The evidence submitted with this Special Report clearly shows that the Medical Defendants did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. (See Exhibits "A" & "B"). To the contrary, the evidence demonstrates that Baker's claims are without merit, that his medical conditions were at all times adequately and timely addressed, and that he was neither denied any necessary medical treatment, nor harmed by any treatment provided by the Medical Defendants. (Id.) Appropriate standards of care were followed at all times. (Id.) The evidence, in other words, shows without dispute that all of Plaintiff Baker's medical conditions were thoroughly evaluated, treated, and monitored in a timely and appropriate manner. (Id.) These facts clearly disprove any claim that the Medical Defendants acted intentionally or recklessly to deny treatment or care.

To the extent that the Plaintiff seeks to hold PHS liable for alleged acts or omissions of other persons or entities (including the Alabama Department of Corrections or any of its employees), such efforts must necessarily fail because there is no liability for violations of § 1983 under a theory of *respondeat superior*. See  Monell v. Dept. of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Greason v. Kemp, 891 F.2d 829, 836 (11th Cir.1990). For this reason, PHS, like a government entity, can be liable under Section 1983 only if the Plaintiff can prove that PHS caused a violation of his constitutional rights through its adoption of an official policy, practice, or custom. See Buckner v. Toro, 116 F.3d 450, 452-53 (11th Cir. 1997); Ort v. Pinchback, 786 F. 2d 1105, 1107 (11th Cir. 1986). Just as there is no showing of any direct violation of Plaintiff's constitutional rights by PHS, there is no allegation – much less any evidentiary showing – that any PHS employees have violated Plaintiff's constitutional rights through any official policy, practice, or custom.

Even further, PHS is entitled to qualified immunity from all claims asserted by Inman in this action. There is no argument that any PHS employee was not acting within the scope of their discretionary authority. See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994). Because PHS has demonstrated that it was acting within the scope of its discretionary authority, the burden shifts to Inman to show that PHS violated clearly established law based upon objective standards. Eubanks, supra, 40 F. 3d at 1160. The Eleventh Circuit requires that before PHS' actions can be said to have violated clearly established constitutional rights, Inman must show that the right allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989),

aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. Vonstein v. Brescher, 904 F. 2d 572, 579 (11th Cir. 1990) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039 (1987)). As stated by the Eleventh Circuit in Lassiter v. Alabama A & M University, 28 F. 3d 1146, 1150 (11th Cir. 1994).

> In considering whether the law applicable to certain facts is clearly established, the facts of the case relied upon as precedent are important. The facts may not be the same as the facts of immediate case. But they do need to be materially similar. Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases.

> Lassiter, 28 F.3d at 1150 (citations omitted; emphasis in original)

Therefore, to defeat summary judgment, Inman must be able to point to cases with "materially similar" facts within the Eleventh Circuit. Hasoon v. Soldenwagner, 19 F. 3d 1573, 1578 n. 6 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter, 28 F. 3d at 1151. The Medical Defendants submit that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established

that these alleged actions violated Baker's constitutional rights. All Baker's medical needs have been addressed or treated. (See Exhibits "A" & "B"). The Medical Defendants have treated Baker's conditions, prescribed and given needed medications, managed and treated his problems, and provided him access to nurses and physicians and appropriate medical care at all times. (Id.) The undisputed evidence shows that the Medical Defendants has provided appropriate medical care to the Plaintiff at all times. (Id.)

Pursuant to the Court's August 22, 2005 Order, the Medical Defendants requests that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. The Medical Defendants have demonstrated both through substantial evidence and appropriate precedent that there is not any genuine issue of material fact relating to a constitutional violation and that they are, therefore, entitled to a judgment in their favor as a matter of law. The Plaintiff's submissions clearly fail to meet his required burden.

## V. CONCLUSION

The Plaintiff's Complaint is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. Accordingly, the Medical Defendants requests that this Honorable Court either dismiss the Plaintiff's Complaint, with prejudice, or enter a judgment in their favor.

Respectfully submitted,

s/L. Peyton Chapman, III
Alabama State Bar Number CHA060
s/R. Brett Garrett

Alabama State Bar Number GAR085
Attorneys for Prison Health Services,
Inc , Michael E. Robbins, M.D., and
Linda Lawrence, R N., H S.A

RUSHTON, STAKELY,
JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama  36101-0270

Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: lpc@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certified that I have mailed via U.S. mail, properly addressed and first-

class postage prepaid, the foregoing document this the 30th day of September, 2005, to

the following:

Ricky Baker AIS# 166076
Montgomery Work Release Center
PO Box 75
Mt. Meigs, AL 36057

s/R. Brett Garrett
Alabama State Bar Number GAR085