IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RICKY BAKER (AIS#166076)

    PLAINTIFF,

V

PRISON HEALTH SERVICES, INC., ET al.

    DEFENDANTS.

2:05-CV-761-T

MOTION OF RESPONSE IN OPPOSITION
TO WRITTEN REPORT AND ANSWER OF
DEFENDANTS ANSWER

Comes Now Plaintiff Ricky Baker #166076 Prose in the above style case pursuant to Rule 56 Federal Rule of Civil Procedure. Plaintiff states the following:

On August 10, 2005, Plaintiff Ricky Baker #166076 filed a complaint. PHS, Dr. Robbins and

Nurse Lawrence acted with deliberate indifference cause the plaintiff mental anguish and anixety so close to a tort claim. The plaintiff only desire equal medical attention which should have never been so recklessly handled; therefore giving rise to liability. (see Inmate Informal Grievance) Under Federal Tort Claim Act 28 U.S.C.A § 1346(B) and Forster v. Manchest 410 PA. 192, 199, 189 A.2d 147 (1963) and has adopted the definition of the tort set forth in the Restatement (second) of Tort § 46 (1965) which provides: (1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability. Under the Federal Tort Claim Act 28 U.S.C.A § 1346(B) 2672-2680 could be found liable for monetary damage, because of their immunity, as to the defendants recklessly disregard, that caused anixety and emotional distress due to the facts the defendants discharged plaintiff to go back to his assigned institution with 290 inmates and plaintiff had 10 stapes from stomach

to groin in this hostile environment where trouble could have arise and plaintiff had no way of protecting himself from danger due to pain and soreness from post operative hernia surgery. In the answer of the Defendant response dated September 30, 2005 (#17) this goes to show this court of the prejudice and recklessness disregard as to the elaborated statement of the medical defendant in stating that they the defendants' exercised the same degree of care, skill and diligence as other health care providers would have exercised under similar circumstances in treating the plaintiff as they have done. Plaintiff states that medical defendants showed reckless disregrad in sending plaintiff back in this environment with staples and nor did they send prescripton for pain medication and not to mention the infection plaintiff experience and they stated they act exercised care, skill and diligence as other health care providers would have. Plaintiff is also making the courts aware of the medical medicine thats administers to inmates here there is no full time nurse on staff, medicine is

administer every 18 hrs. Not due to ones that get (KOP) keep on person medication and I was not on (K.O.P). I was not given any pain medicine when Medical defendants release me to come back to Montgomery Work Center and because of pain because Plaintiff didn't have prescription he sign up for sick call to return back to medical defendants for prescription to get pain medicine and cream for infection. Plaintiff states on 7-14-05 Tylenol #3 tablets was order by the physician but nothing was minister from looking at the records that plaintiff was given any strong medication before surgery. The Medical defendant in they're affirmative defense pleads the defense of qualified immunity, substantive immunity and all applicable immunities. In Harlow vs. Fitzgerald 457 U.S. 800, 73 L.ed 2d 396, 102 S. ct 2727 Qualified or good Faith immunity is an affirmative defense that must be pleaded by a defendant official, Gomez v. Toledo 446 U.S. 635, 64 L.Ed 2d 572, 100 S.ct 1920 (1980) See also Williams V Bennett 689 f. 2d. 1370 (1982)

CIVIL RIGHT 13.10 WHEN SUED IN THERE INDIVIDUAL CAPACITIES FOR DAMAGES UNDER SECTION 1983, defendant officials generally may assert a Good Faith defense. 42 U.S.C.A § 1983.

However THE PLAINTIFF WOULD LIKE TO STATE THAT THE DECISION OF THIS COURT HAVE ESTABLISHED THAT THE GOOD-FAITH DEFENSE HAS BOTH AN OBJECTIVE AND A SUBJECTIVE ASPECT. THE OBJECTIVE ELEMENT INVOLVES A PRESUMPTIVE KNOWLEDGE OF AND RESPECT FOR BASIC, UNQUESTIONED CONSTITUTIONAL RIGHTS, THE SUBJECTIVE COMPONENT REFERS TO PERMISSLE INTENTIONS Ibid. CHARACTERISTICALLY THE COURT HAS DEFINED THESE ELEMENTS BY Identifing THE CIRCUMSTANCES IN WHICH QUALIFIED immunity WOULD NOT BE AVAILABLE, REFERRING BOTH TO THE OBJECTIVE AND SUBJECTIVE elements. THE COURT HAVE HELD THAT qualified immunity would be defected IF AN OFFICIAL KNEW OR REASONABLY SHOULD HAVE KNOWN THAT THE ACTION HE OR SHE Took WITHIN THEYRE SPHERE OF OFFICIAL RESPONSIBILITY: Would VIOLATE THE CONSTITUTIONAL RIGHTS OF THE [PLAINTIFF] OR if He OR she took the action with Malicious intention to cause a deprivation of Constitutional Rights or other injury, See Wood v. Strickland

420 U.S. 308, 320 [95 S. ct 992, 999, 43 L.ed. 2d 214 (1975)]. Plaintiff Focusing more on the subjective requirement Famer v. Brennan 511 U.S. 825, 847, 114 S. ct. 1970, 1984, 128 L.ed. 2d 811 (1994) The Court in Famer emphasized that the officials needs only be aware of the risk of harm, as opposed to being aware of actual harm Id. at 842, 114, S. ct. at 1981 See Holt v Pelzer 240 F. 3d 977 (11th Cir 2001) Page 978 / Holt v. Pelzer 122 S. ct 2508 (2002). Plaintiff would now focus on the deliberate indifference, in Famer v. Brennan 511 U.S. 825, 114 S. ct. 1970, 128 L. Ed 2d 811 (1994) this Court (Supreme Court) elucidated the proper test for measuring whether a prison official state of mind is one of deliberate indifference", Holding that a prison official cannot be found liable under Eigth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that substantial risk of serious

harm exists, and he must also draw the Inference". (at 837, 114 S ct. 1970) Wests Alabama Digest 2d 214 (3) States and state officers and agencies (page 809) ala 1991 In their Individual Capacities, state officials may be held liable for damages resulting from discretionary acts that violate clearly establish statutory or Constitutional Rights of which reasonable person would have known; only if state official Exhibits deliberate indifference to official duties may be liable for damages under § 1983 42 U.S.C.A George V. McIntosh – Wilson 582 So. 2d 1058 Plaintiff have stated a claim to defeat theyre immunities.

Pleadings For Appointment of Counsel;
   In closing If the Plaintiff may Request for Appointment of Counsel
   I the Plaintiff in this Complaint is an Civil Rights Case 42 USC § 1983 By a state prisoner and asserting claim for Unconstitutional Condition as to my Medical needs In which is In violation of my Constitutional Right that the defendants' failed to provide me with Adequate Post-Operative Care following hernia Surgery

Plaintiff show this Court, that I have no knowledge of how to maintain the litigation, because am uneducated concerning legality of law this complaint was filed by a laymen. I do not know how to deal with the factual complexity of the case. Also I have no way of showing my ability to investigate because of my incarceration. As to maybe the conflicting testimony in the course of a trail I wouldn't know how to question the defendants in this case on issues and the merits. Plaintiff state by the paper trial of this case, I would not know how to present my claim and have a defense on the legal issues. In pleading the plaintiff have given this Court a exceptional circumstances and for Good-Cause hopes the Court considered appointing counsel to represent the plaintiff.

Abdullah V. Gunter 949 F.2d 1032, 1035 (8th Cir 1991) Johnson 788 F.2d 1319, 1322-1323 (8th 1981)

## Certificate of Service

I hereby certified that I have mailed via U.S. mail, properly addressed postage prepaid, the foregoing document this the 11-8-05 day of November 2005 to the following:

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

Rushton, Stakely
Johnston + Garrett, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270

Respectfully Submitted
*Ricky Baker*

## Conclusion

Wherefore Premises Considered; Plaintiff Prays this Honorable Court Consider All Facts And grounds And Grant Him Relief on this Constitutional violation.

Respectfully Submitted
Ricky Baker

Sworn To And Subscribed Before me

This 8th Day November 2005

MAY 6 2006
My Commission Expires

Notary Public