IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY BAKER, #166076, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO.  2:05cv761-MHT |
| | )                    (WO) |
| PRISON HEALTH SERVS., INC. *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, the inmate plaintiff, Ricky Baker ("Baker"), complains that the defendants violated his rights secured by the Eighth Amendment. Baker complains that the defendants have been deliberately indifferent to his serious medical needs because he

> had surgery at Baptist East Hospital on 7-14-05 . . . After surgery [he] was brought back to Kilby Prison Medical Ward and then placed under the care of Dr. Robins of Prison Health Services and on 7-22-05 Dr. Robins discharge (sic) me and placed me back at Montgomery Work [Release] Center with 10 staples from lower stomach to groin from a hernia surgery. Dr. Robins placed me into a hostile environment of 290 male inmates with no way of defending myself because of pain and soreness. Nor was I given any pain medication or antibiotic, for infection I received.

(Compl. at 3). The plaintiff names Prison Health Services, Dr. Robins and Nurse Lawrence as defendants in this case. He seeks only injunctive relief.[1]  The court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] The plaintiff does not seek monetary damages. In his prayer for relief, Baker asks the court to rule in his favor "so this wouldn't (sic) happen again to anyone."

The defendants have filed special reports and evidentiary material pursuant to the orders of the court. The court has previously determined that the special reports should be treated as a motion for summary judgment. The plaintiff was provided an opportunity to respond to the motion and has done so. Upon consideration of the motion, pleadings, responses and evidentiary material filed in support of and in opposition to the motion, the court concludes that the motion for summary judgment is due to be granted.

## FACTS

The facts are relatively simple and undisputed. At the time of the incident giving rise to this action, Baker was incarcerated at the Montgomery Community Work Release Center in Mt. Meigs, Alabama. On July 14, 2005, Baker had surgery to repair an inguinal hernia. After surgery, Baker was returned to Kilby Correctional Facility's Medical Ward. Baker remained at the medical ward until July 22, 2005. On July 22, 2005, Baker was released from the medical ward to return to the work release facility.

## DISCUSSION

### A. Standard of Review

To survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce some evidence to support his constitutional claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. A plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for

summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" summary judgment is due to be granted in favor of the moving party. *Celotex,* 477 U.S. at 322; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex,* 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to a liberal interpretation by the courts, a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a material fact in order to avert summary judgment. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). The record in this case demonstrates that the plaintiff has failed to establish that there is any genuine issue as to any material fact sufficient to avert judgment in favor of the defendants.

### B.  Deliberate Indifference to Medical Needs

The plaintiff complains that the defendants were deliberately indifferent to his serious medical needs by returning him to the work release facility while he still had 10 stitches in his groin area. According to the plaintiff, he was at risk "in a hostile environment where

trouble could have arise (sic) and [he] had no way of protecting himself from danger due to pain and soreness from post operative hernia surgery." ((Pl's Res. in Opp. to Written Rept. at 3).

      To prevail in a suit based on an Eighth Amendment claim concerning serious medical needs, a prisoner must show at a minimum that prison officials acted with deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999). Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. A prison or medical official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). Thus, to survive summary judgment on this claim, the plaintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. *See LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993). Prison officials must have been deliberately indifferent to a known danger before the court can say that their failure to intervene offended

"evolving standards of decency," thereby rising to the level of a constitutional violation. *Estelle*, 429 U.S. at 105-06. The known risk of injury must be "'a strong likelihood, rather than a mere possibility'" before a prison official's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989). Under this standard, a prison or medical official does not act with indifference by providing medical care that is different from that which a prison inmate desires. *See Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985).

The medical records filed in this case demonstrate without dispute that the plaintiff received medical care following his hernia surgery. Although the plaintiff argues that the defendants should not have released him from the medical ward, he presents no evidence that returning him to the work release center created a substantial risk to his health. Baker argues that he could not have protected himself, but Baker does not allege that he was in fact attacked or otherwise injured after he returned to the work release center. Baker presents no evidence that his return to the work release center created a substantial risk to his health, that he suffered any detrimental effect as a result of the defendants' actions or that the defendants in any way disregarded a substantial risk to his health by releasing him to return to the work release center. *See generally Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003). Consequently, the defendants' motion for summary judgment on this issue is due to be granted.

Baker also alleges that the defendants did not give him Tylenol 3 which was prescribed for him nor did they treat an infection that arose after the surgery. The medical

5

evidence confirms that Baker was not given Tylenol 3; however, he was given Motrin 600, a pain medication. Baker does not show that giving him a different pain reliever created a known risk of harm to him. In addition, Baker presents no evidence that he suffered from an infection. It is undisputed that Baker was not denied treatment. Although he may have wanted different pain medication, Baker presents no evidence that any of the treatment he alleges he was denied created a substantial risk to his health, that he suffered any detrimental effect as a result of the defendants' actions or that the defendants in any way disregarded a substantial risk to his health. *See generally Farrow supra*. It is clear that the plaintiff's disagreement is with the efficacy of his treatment. Baker's desire for different treatment does not establish a constitutional violation. *Hamm, supra.* The plaintiff has not shown by medical evidence consistent with FED. R. CIV. P. 56(e) that the treatment he received was so deficient as to amount to deliberate indifference in violation of the Eighth Amendment. *See Brown, supra*. (A pro se litigant's allegation of contaminated drinking water found unsubstantiated and completely speculative because the litigant failed to submit a doctor's diagnosis for any medical examination evidence supporting those allegations). At best, the plaintiff offers the court nothing more than his own unsubstantiated opinions about the quality of the medical care which he received. The plaintiff's opinions are insufficient to create a genuine issue, and his failure to support his claim with medical or scientific evidence is fatal to it. *See Brown*, *supra.* Therefore, the plaintiff has failed to establish a genuine issue about deliberate indifference on the part of the defendants with respect to this aspect

of his claim.

In the final analysis, the plaintiff has failed to come forward with any evidence that the defendants knew that he faced as a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Farmer, supra.* It is undisputed that the plaintiff received medical treatment for his complaints and that he was provided access to follow-up medical care. Baker has failed to establish a genuine issue about deliberate indifference on the part of the defendants. *Brown,* 906 F.2d at 670. Summary judgment is therefore due to be granted in their favor on this claim. *Celotex,* 477 U.S. at 322-23.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for summary judgment filed by the defendants be granted and that this case be dismissed with prejudice. It is further the recommendation of the Magistrate Judge that the costs of this proceeding be taxed against the plaintiff. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **August 21, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of August, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE